UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS DUANE TURNER,<br><br>    Petitioner,<br><br>v.<br><br>MACK JENKINS/JOEL MARTIN PROB. DEPT; VISTA CALIFORNIA ADULT PROBATION DEPT.; THE ATTORNEY GENERAL OF CALIFORNIA,<br><br>    Respondents. | Civil No. 12cv01400 JLS (RBB)<br><br>**REPORT AND RECOMMENDATION DENYING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 21]** |

Petitioner Marcus Duane Turner, a probationer proceeding pro se, filed a Petition for Writ of Habeas Corpus on June 8, 2012, pursuant to 28 U.S.C. § 2254 [ECF No. 1]. He filed a [First Amended] Petition for Writ of Habeas Corpus on August 20, 2012, and a Second Amended Petition for Writ of Habeas Corpus on February 4, 2013 [ECF Nos. 11, 21]. In his Second Amended Petition, Turner claims that his Fourth Amendment rights were violated when the trial court denied his motion to suppress. (Second Am. Pet. 6-7, ECF No. 21.)[1] He also alleges that he

---

[1] The Court will cite to all case documents using the page numbers assigned by the electronic case filing system.

received ineffective assistance of counsel when his attorney failed to raise an argument in that motion to suppress. (Id. at 8.)

An Answer was filed on behalf of "Joel Martin et al." on March 27, 2013, with a Memorandum of Points and Authorities [ECF No. 26] and a Notice of Lodgment [ECF No. 27].[2] In their Answer, Respondents argue that Turner's Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976). (Answer Attach. #2 Mem. P. & A. 8-11, ECF No. 26.) Respondents also maintain that Petitioner's ineffective assistance of counsel claim is unexhausted and meritless. (Id. at 11-14.) No traverse was filed.

As noted, Turner is currently on probation. "A petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation." Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (citations omitted). Because Turner is in custody under a state court judgment, the respondent is the state officer who has custody of Petitioner. 28 U.S.C.A. § 2242 (West 2006); see Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C.A. foll. § 2254 (West 2006). "Where the petitioner is on probation or

---

[2] It is unclear whether the Answer was filed on behalf of Respondent Martin or for Respondents Martin, Jenkins, and the Attorney General of California. (Compare Answer 1, ECF No. 26 (stating that the Answer was filed on behalf of Joel Martin et al.), with id. at 1-2, and id. Attach. #2 Mem. P. & A. 6, 10 (offering argument on behalf of only one Respondent).) To determine who actually answered, the Court ordered Jenkins to "notify the Court whether he intends to file a separate answer or proceed in an alternative manner." (Mins. 1, June 12, 2013, ECF No. 28.) Respondent explained on June 21, 2013, that "the Answer filed on March 27, 2013, was filed on behalf of all named Respondents in this matter." (Resp. June 12, 2013 Order 2, ECF No. 29.)

parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rules Governing § 2254 Cases, Rule 2(b), 28 U.S.C. foll. § 2254).

In addition to Probation Officer Joel Martin and Chief Probation Officer Mack Jenkins, Turner also named the California Attorney General as a Respondent in this case. "A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996) (citing Cruz v. Warden, 907 F.2d 665, 665 n.1 (7th Cir. 1990); Rules Governing § 2254 Cases, Rules 2(a), 2(b), 28 U.S.C.A. foll. § 2254). Because Turner is already "in custody," the only proper respondents are the probation officers. See Sherman v. Yolo Cnty. Chief Prob. Officer, No. CIV S-07-2055-WBS-CMK-P, 2007 WL 4536107, at *1 (E.D. Cal. Dec. 19, 2007) (noting that the proper respondent was the Yolo County Chief Probation Officer, not the Attorney General of the State of California).

The Court has reviewed the Second Amended Petition, Respondent's Answer, and the lodgments. For the reasons stated below, the Second Amended Petition for Writ of Habeas Corpus [ECF No. 21] should be **DENIED**.

### I. FACTUAL BACKGROUND

On the evening of April 1, 2011, Oceanside Police Officer Larry Weber stopped Turner for driving with a defective brake light. (Lodgment No. 5, People v. Turner, D061353, slip op. at 3 (Cal. Ct. App. Nov. 15, 2012).) Soon after, Officer Weber

determined that Turner exhibited objective signs of drug intoxication, including rapid speech, constricted pupils, no pupil reaction to light, and body and eyelid tremors. (Id.) Officer Weber also conducted a Romberg field sobriety test, where he asked Petitioner to tilt his head back, close his eyes, and estimate when thirty seconds had elapsed. (Id.) When Turner estimated that thirty seconds had passed, only twenty five had. (Id.) The officer determined that Petitioner was under the influence of a controlled substance and arrested him. (Id.)

At the police station, Officer Weber instructed Turner to take off his shoes. (Id.) While doing so, a small package of methamphetamine fell out of one of the shoes. (Id.) Petitioner was subsequently released on bond; a friend picked him up, and they drove to Turner's vehicle in Oceanside. (Id. at 4.) The two inspected Turner's brake lights and determined that both were functioning. (Id.) They concluded, however, that one light was dimmer than the other. (Id.)

## II. PROCEDURAL BACKGROUND

On June 14, 2011, Petitioner was charged with possession of a controlled substance and being under the influence of a controlled substance. (Lodgment No. 1, Clerk's Tr. 1-2, Jun. 14, 2011.) The latter charge was dismissed the same day. (See id.) Prior to trial, Turner filed a motion to suppress "1) any observations by law enforcement personnel; 2) any and all statements made by the defendant; [and] 3) any other evidence, tangible or intangible, seized as a result of the detention and arrest." (Id. at 4.) The motion was denied. (Lodgment No. 2, Rep.'s Appeal Tr. vol. 1, 34, Oct. 7, 2011.) On October 20, 2011, a jury convicted Petitioner

of possession of a controlled substance; he was subsequently sentenced to three years of probation. (Lodgment No. 1, Clerk's Tr. 179, 185, Oct. 20, 2011.)

Turner appealed the conviction on July 2, 2012, arguing that the trial court erred in denying his motion to suppress. (Lodgment No. 3, Appellant's Opening Brief at 8, People v. Turner, No. D061353 (Cal. Ct. App. Nov. 15, 2012).) On November 15, 2012, Division One of the California Court of Appeal, Fourth Appellate District, held that Petitioner's Fourth Amendment rights had not been violated. (Lodgment No. 5, People v. Turner, D061353, slip op. at 4-7.) Turner petitioned the California Supreme Court for review on December 21, 2012. (Lodgment No. 6, Petition for Review, People v. Turner, [No. S207519] (Cal. filed Dec. 21, 2012).) On January 30, 2013, the California Supreme Court denied the petition without comment. (Lodgment No. 7, People v. Turner, S207519, order at 1 (Cal. Jan. 30, 2013).)

### III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, applies to all federal habeas petitions filed after April 24, 1996. Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing Lindh v. Murphy, 521 U.S. 320, 326 (1997)). AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2006); see also Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th

Cir. 1991). Because Turner's Second Amended Petition was filed on February 4, 2013 [Sec. Am. Pet. 1, ECF No. 21], AEDPA applies to this case. See Woodford, 538 U.S. at 204.

In 1996, Congress "worked substantial changes to the law of habeas corpus." Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997), abrogated on other grounds, Williams v. Taylor, 529 U.S. 362 (2000). As amended, section 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

To present a cognizable federal habeas corpus claim, a state prisoner must allege his conviction was obtained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). A petitioner must allege the state court violated his federal constitutional rights. Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state

court's application of state law); Jackson, 921 F.2d at 885 (explaining that federal courts have no authority to review a state's application of its law). Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal habeas courts are not concerned with errors of state law "unless they rise to the level of a constitutional violation").

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." Id. at 71. In other words, a federal court is not required to review the state court decision de novo. Id. Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1). Id.

The "novelty in . . . § 2254(d)(1) is . . . the reference to 'Federal law, as determined by the Supreme Court of the United States.'" Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997). Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." Id. "A state court decision may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law . . . ." Moore, 108 F.3d at 264. "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court."

Id. (citing Childress v. Johnson, 103 F.3d 1221, 1224-26 (5th Cir. 1997); Devin v. DeTella, 101 F.3d 1206, 1208 (7th Cir. 1996); Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996)).

Furthermore, with respect to the factual findings of the trial court, AEDPA provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254(e)(1).

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel Claim

Petitioner asserts that his counsel was ineffective because she "miss[ed] the opportunity to show that the pulse taking during the initial contact with defendant was an exploitation" of his Fourth Amendment rights. (Second Am. Pet. 8, ECF No. 21.) Turner contends that counsel's error was "fatal" to his case and "cost [him] the right to challenge this issue on appeal." (Id.)

In their Answer, Respondents submit that Petitioner's ineffective assistance of counsel claim is unexhausted and meritless. (Answer Attach. #2 Mem. P. & A. 11, ECF No. 26.) According to Martin and Jenkins, the court of appeal rejected Turner's Fourth Amendment claim because probable cause existed to arrest him based on the totality of the circumstances. (Id. at 13.) Had Petitioner's trial counsel moved to suppress evidence of Turner's pulse rate, Respondents contend the argument "would have been rejected given the overall context of the officer's observations." (Id. at 13-14.) "Moreover, the record suggests

8

12cv01400 JLS(RBB)

that Turner volunteered his arm to the officer during the stop."
(Id. at 14 (citing Lodgment No. 2, Rep.'s Appeal Tr. vol. 1, 12).)
As a result, Martin and Jenkins maintain that Turner's counsel was
not ineffective, and Petitioner did not suffer any prejudice from
the allegedly deficient representation. (Id.)

Turner's ineffective assistance of counsel claim was not presented to any state court for review. (See Lodgment No. 3, Appellant's Opening Brief at i-ii, People v. Turner, No. D061353; Lodgment No. 6, Petition for Review at i-ii, People v. Turner, [No. S207519].) "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C.A. §2254(b)(2). Courts may only deny unexhausted claims on the merits if it is "perfectly clear" that the claim is not a "colorable federal claim." See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Unexhausted claims are reviewed de novo where there is no reasoned state court decision addressing that claim. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). This Court therefore reviews Petitioner's ineffective assistance of counsel claim de novo.

For ineffective assistance of counsel to provide a basis for federal habeas relief, Turner must satisfy the two-part test outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance was deficient. Id. Second, he must establish that counsel's deficient performance prejudiced the defense. Id. To satisfy the prejudice prong, Turner need only demonstrate a reasonable probability that the result of the proceeding would have been

different absent the error. <u>Williams</u>, 529 U.S. at 406; <u>Strickland</u>, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. The United States Supreme Court noted that "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010). In the context of federal habeas review, "[t]he standards created by <u>Strickland</u> and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so[.]" <u>Harrington v. Richter</u>, 562 U.S. __, __, 131 S.Ct. 770, 788 (2011) (citations omitted). "When § 2254 applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard." <u>Id.</u>

Trial counsel is presumed to be competent. <u>Strickland</u>, 466 U.S. at 689. "To rebut this presumption, [Petitioner] must demonstrate that his counsel's performance was unreasonable under prevailing professional norms and was not the product of sound strategy." <u>Sechrest v. Ignacio</u>, 549 F.3d 789, 815 (9th Cir. 2008) (citing <u>Strickland</u>, 466 U.S. at 688-89). Counsel's representation is deficient if "it falls outside the range of competence demanded of attorneys in criminal cases." <u>Id.</u>

In <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374-75, 380-82 (1986), the Supreme Court applied <u>Strickland</u> in the context of counsel's alleged failure to competently litigate a motion to suppress. To prove deficient performance under <u>Strickland</u> and <u>Kimmelman</u>, "a petitioner must demonstrate that his counsel's failure to file such a motion 'fell below an objective standard of

reasonableness.'" Clarke v. Wilson, No. 2:12-cv-801-MCE-EFB P, 2013 WL 4012860, at *41 (E.D. Cal. Aug. 6, 2013) (quoting Strickland, 466 U.S. at 687-88). To show prejudice under Strickland and Kimmelman, Turner must prove "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman, 477 U.S. at 375.

At the suppression motion hearing, Petitioner's trial counsel argued that "it was unreasonable for the police officer to reach into the window and take [Turner's] pulse, that that [sic] was an unreasonable detention." (See Lodgment No. 2, Rep.'s Tr. vol. 1, 32.) Petitioner's contention that trial counsel did not challenge the taking of Turner's pulse is therefore inaccurate.[3] In denying the motion to suppress, the trial court implicitly rejected the argument that the taking of Petitioner's pulse was unreasonable. Moreover, the court of appeal held that "the [trial] court correctly denied Turner's motion to suppress evidence." (Lodgment No. 5, People v. Turner, D061353, slip op. at 7.) Counsel's representation was not deficient because she did not overlook a meritorious argument. Because Petitioner has not carried his burden with respect to the first prong of the Strickland test,

---

[3] The record also shows that Officer Weber testified that Petitioner may have offered his arm for the pulse reading, potentially waiving his Fourth Amendment rights. (Id. at 12); see United States v. Cormier, 220 F.3d 1103, 1112 (9th Cir. 2000) (quoting United States v. Torres-Sanchez, 83 F.3d 1123, 1129 (9th Cir. 1996)) ("'An individual may waive his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person. . . .'").

this Court need not address the second. For these reasons, Turner's ineffective assistance of counsel claim should be **DENIED**.

B. **Fourth Amendment Claim**

Petitioner also raises a Fourth Amendment claim. (Second Am. Pet. 6, ECF No. 21.) The essence of this claim appears to be that his Fourth Amendment right to be free from unreasonable search and seizure was violated when Officer Weber checked Turner's pulse rate and subsequently arrested him. (Id.; see also Lodgment No. 3, Appellant's Opening Brief at 8-28, People v. Turner, No. D061353.) On this basis, Petitioner alleges that the trial court erred in denying his motion to suppress. (See generally Second Am. Pet. 6-7, ECF No. 21; see also Lodgment No. 3, Appellant's Opening Brief at 8-28, People v. Turner, No. D061353.)

In their Answer, Martin and Jenkins contend that Turner's Fourth Amendment claim is barred by Stone v. Powell. (Answer Attach. #2 Mem. P. & A. 8, ECF No. 26.) The Respondents argue that even if the state court's ruling on the motion to suppress was in error, Turner's claim is not cognizable on habeas review because he had a "full and fair opportunity to litigate" his claim in state court. (Id. at 9 (citing Lodgment No. 2, Rep.'s Appeal Tr. vol. 1, 1; Lodgment No. 3, Appellant's Opening Brief at 1, People v. Turner, No. D016353).) Moreover, Respondents maintain that "the trial court correctly analyzed the facts of the stop and properly concluded there was probable cause for the arrest, and that no Fourth Amendment violation occurred." (Id. at 11.)

When reviewing a state court decision, federal courts must look to the last reasoned state court opinion as the basis of the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 804-06 (1991). The

last state court to address the merits of Petitioner's Fourth Amendment claim was the California Court of Appeal. (See Lodgment No. 5, People v. Turner, D061353, slip op. at 4-7.) This Court reviews that decision. Ylst, 501 U.S. at 806.

The California Court of Appeal held that in light of the totality of the circumstances, probable cause existed to arrest Turner for being under the influence of a controlled substance. (Lodgment No. 5, People v. Turner, D01353, slip op at 6-7.) "Turner's physical symptoms and behavior were all consistent with such conclusion." (Id.) Further, the court held that "[t]he fact that there could have been possible innocent explanations for each individual observation does not negate a finding of probable cause." (Id. at 7.) On this basis, the court of appeal determined that the trial court did not err in denying Petitioner's motion to suppress. (Id.)

"A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." Ortiz-Sandoval v. Gomez, 81 F.3d at 899 (citing Stone, 428 U.S. at 481-82); see also Moormann v. Schriro, 426 F.3d 1044, 1053 (9th Cir. 2005) ("If the state has provided a state prisoner an opportunity for full and fair litigation of his Fourth Amendment claim, we cannot grant federal habeas relief on the Fourth Amendment issue."). In Stone, the Supreme Court acknowledged the utility of the trial court applying the exclusionary rule to a Fourth Amendment violation, but because of marginal benefits, the Supreme Court barred these Fourth Amendment claims from federal habeas review. See Stone, 428 U.S. at 494-95. The Court reasoned that the "long-recognized costs of

the [exclusionary] rule persist when a criminal conviction is sought to be overturned on collateral review . . . ." Id. at 491. Therefore, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494 (footnotes omitted). Stone is a "categorical limitation on the applicability of [F]ourth [A]mendment exclusionary rules in habeas corpus proceedings." Woolery v. Arave, 8 F.3d 1325, 1328 (9th Cir. 1993).

"The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval, 81 F.3d at 899 (citing Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990)). "All Stone v. Powell requires is the initial opportunity for a fair hearing." Caldwell v. Cupp, 781 F.2d 714, 715 (9th Cir. 1986) (citations omitted).

Turner's Fourth Amendment claim was fully and fairly litigated in state court. Petitioner, aided by counsel, filed a motion to suppress in the trial court. (See Lodgment No. 1, Clerk's Tr. 4-9.) Turner received a hearing on the motion which included extensive oral argument as well as examination of two witnesses -- one for the People and one for the defense. (See Lodgment No. 2, Rep.'s Appeal Tr. vol. 1, 5-34.) The trial court conducted a meaningful inquiry and denied the motion. (Id. at 33-34.)

Petitioner's claim was also fully litigated on appeal. Turner, again aided by counsel, argued to the California Court of

Appeal that his Fourth Amendment rights had been violated. (Lodgment No. 3, Appellant's Opening Brief at 8, People v. Turner, No. D061353.) The court thoroughly considered the issue, devoting four pages of its reasoned opinion to this claim, and determined that "the trial court correctly analyzed the facts of the stop and subsequent arrest and properly concluded that there was probable cause for the arrest." (Lodgment No. 5, People v. Turner, D061353, slip op. at 7.) Petitioner, again aided by counsel, also filed a Petition for Review with the California Supreme Court. (See Lodgment No. 6, Petition for Review, People v. Turner, [S207519].) Turner had a fair opportunity to litigate his Fourth Amendment claim in state court; therefore, it is not cognizable in federal habeas proceedings. Accordingly, the claim should be **DENIED**.

### V.   CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the district court issue an Order (1) approving and adopting this Report and Recommendation and (2) directing that Judgment be entered denying the Petition.

**IT IS ORDERED** that no later than October 4, 2013, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than October 18, 2013. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: September 5, 2013

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Sammartino
All Parties of Record