# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARCUS DUANE TURNER, | CASE NO. 12-cv-1400 JLS (RBB) |
|---|---|
| Petitioner, | |
| vs. | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PETITION, AND (3) DENYING CERTIFICATE OF APPEALABILITY** |
| MACK JENKINS/JOEL MARTIN PROB. DEPT.; VISTA CALIFORNIA ADULT PROBATION DEPT.; and THE ATTORNEY GENERAL OF CALIFORNIA, | (ECF No. 30) |
| Respondents. | |

Presently before the Court is Petitioner Marcus Duane Turner's ("Petitioner") Second Amended Petition for Writ of Habeas Corpus ("SAP"). (ECF No. 21.) Also before the Court is Magistrate Judge Brooks's Report and Recommendation ("R&R") advising the Court to deny Petitioner's SAP. (ECF No. 30.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, the parties have failed to timely file objections to the R&R. Even construing Petitioner's two untimely filings[1] submitted in response to the R&R—captioned "Answer to Objections to Report and Recommendation"—as objections, Petitioner fails to raise any substantive arguments to Magistrate Judge Brooks' conclusions on Petitioner's claims. Rather, Petitioner rehashes the substantive arguments he already presented. Thus, the Court reviews the R&R for clear error only. *See Turner v. Tilton*, No. 07-CV-2036-JLS (AJB), 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) ("[H]is objections do not address the substance of the R&R's findings. Instead, the objections discuss at length the claims made in the petition. Thus, the Court finds that Petitioner has not made an objection to any specific portion of the report. Therefore, the Court need only satisfy itself that the R&R is not clearly erroneous."); *see also Larry v. Tilton*, No. 09-CV-00950 JLS (WVG), 2011 WL 4501378, at *4 (S.D. Cal. Sept. 28, 2011); *Wright v. Contreras*, No. 09-CV-2566 JLS (MDD), 2012 WL 834859, at *10 (S.D. Cal. Mar. 12, 2012). Having reviewed the R&R, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** Magistrate Judge Brooks's R&R in its entirety and **DENIES** Petitioner's SAP.

The Court is also obliged to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant

---

[1] The first was filed nunc pro tunc to October 7, 2013 (ECF Nos. 31, 32); the second was filed nunc pro tunc to October 29, 2013 (ECF Nos. 33, 34).

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a petitioner's claims have been denied on the merits, as here, a petitioner can meet the threshold of a "substantial showing of the denial of a constitutional right" by demonstrating that: (1) the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Here, the Court finds that no reasonable jurist could disagree with this Court's resolution of Petitioner's claims and denial of the writ.  The evidence in the record supports the outcome, and the resolution of Petitioner's claims was not a close one.  The representation Petitioner received from his counsel was not deficient, because his counsel did not, as Petitioner argues, overlook a meritorious argument.  Rather, counsel objected at the suppression motion hearing to the admission of the evidence.  Petitioner further failed to establish a cognizable habeas Fourth Amendment claim, because the claim was fully and fairly litigated both in the state trial court and on appeal.  Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the reasons stated, the Court **ADOPTS** Magistrate Judge Brooks's R&R in its entirety (ECF No. 30) and **DENIES** Petitioner's SAP.  Further, the Court **DENIES** a certificate of appealability in this matter.

**IT IS SO ORDERED**.

DATED:  November 4, 2013

Honorable Janis L. Sammartino
United States District Judge